1

2         UNITED STATES BANKRUPTCY COURT
          WESTERN DISTRICT OF LOUISIANA
3              SHREVEPORT DIVISION

4
    IN RE:                    :
5   KIZZIE MARIE ANDERSON      :  CASE NO. 09-10620
                 *Debtor*      :
6   _____   :
                               :
7   KIZZIE ANDERSON            :
                 *Plaintiff*,  :
8   vs                         :  ADVERSARY PROCEEDING NO.:
                               :  09-01014
9   THOMAS KERSEY MILAM, D/B/A/ MILAM :
       KARS                    :
10               *Defendant*   :  24 May 2010, 09:48 a.m.

11
        Transcript of Proceeding on *Motion for Summary Judgment on*
12              *Behalf of Kizzie Marie Anderson*
          Before the Honorable Stephen V. Callaway
13              United States Bankruptcy Judge

14

15              A-P-P-E-A-R-A-N-C-E-S

16  For Kizzie Anderson        : J. PATRICK HENNESSY
                               : Law of Office of J. Patrick
17                             :   Hennessy
                               : 401 Edwards St., Suite 1310
18                             : Shreveport, LA 71161

19
    For Thomas K. Milam, dba   : DAVID F. BUTTERFIELD
20     Milam Kars              : Mayer, Smith & Roberts
                               : 1550 Creswell Avenue
21                             : Shreveport, LA 71101

22

23  Transcribed by:  Richard Simpson
                     1120 Hallmark Dr.
24                   Shreveport, LA 71118
                     318-688-1860
25  Proceedings recorded by electronic sound recording; transcript
    produced by transcription service using FTR recording.

COPY

(Transcription without aid of speaker identification log; therefore, except for THE COURT, speaker identifications were made on a contextual or best-guess basis where possible:)

24 MAY 2010, 9:48 A.M.

THE COURT: Okay. I've got one other matter on the morning docket. It's a motion for summary judgment that's been filed in the Kizzie Anderson adversary against Thomas Milam.

And are you gentlemen ready to take it up now? I think we -- you're the only ones involved in this matter and you're both here. There's no sense in waiting till 10.

MR. HENNESSY: Yes, we're ready.

THE COURT: Okay. I have a "Motion for Summary Judgment" that has been filed by Ms. Anderson requesting the fraud complaint that Mr. Milam has countersued Ms. Anderson with be dismissed and/or that the request for damages and the attorney fee be dismissed and the complaint be dismissed, period. And Mr. Hennessy is present on behalf of Ms. Anderson.

There was a response filed. And Mr. Butterfield is present on behalf of Mr. Milam.

You gentlemen have briefed the matter for me and I have gone through the briefs and the pleadings.

And, Mr. Hennessy, you argued that fraud was not specifically pled and that the rules would require and the case law would require that if you allege fraud, you're supposed to give specifics.

And Mr. Butterfield said: Well, that's just a motion for

1   more definite statement.

2       But it would seem to me that the complaint -- well, let me

3   see here; let's take a look.

4       All right.  This is the answer to the complaint and the

5   counterclaim.  And that's where we're focused on; is that

6   right?

7           MR. HENNESSY:  I think there's only a couple of

8   paragraphs, Your Honor.  39?

9           THE COURT:  Yeah.  38, 39, and 40 are the ...

10      All right.  39 says Mr. Milam shows that plaintiff Kizzie

11  Anderson acquired the vehicle in question by false pretenses,

12  fraud, and deception, by failing to disclose that she was going

13  to declare bankruptcy immediately after acquiring the vehicle

14  in order to change the terms and conditions of the transaction.

15  Accordingly, the transaction is void or voidable under 15

16  U.S.C. 523.  Now you are stating:  First there is no 15:523,

17  it's 11:523, and that doesn't allow a voiding; that allows an

18  exception to discharge.

19      And what -- if I understand what Mr. Butterfield is

20  saying, Mr. Butterfield is saying:  "But wait a minute.  If I

21  get the discharge excepted or if I had discharge -- if I had

22  the obligation excepted from discharge, I could have requested

23  that the stay be lifted, the discharge be excepted, this debt

24  be excepted from discharge, and I could have requested that the

25  sale be rescinded.  And if I requested the sale be rescinded, I

1  could have gotten legal fees in addition to having the sale
2  rescinded."

3      MR. HENNESSY:  All of which is moot.

4      THE COURT:  Well, it is moot in some respects.  It's
5  moot in this regard:  Mr. Milam took it upon himself to rescind
6  the sale.  And that's one of the reasons we're all here.  And
7  that's the meat of the complaint that Ms. Anderson has against
8  Mr. Milam, that Mr. Milam did certain things and Ms. Anderson
9  has alleged that that gives her a cause of action.  And in
10  response, the counterclaim says:  Well, but you defrauded me
11  and I want the sale voided.  The sale has already been voided
12  by Mr. Milam.

13      MR. HENNESSY:  Before we ever got before the Court.

14      THE COURT:  Yes.  And then the complaint goes on and
15  said:  Mr. Milam shows that Kizzie Anderson's fraud, deceit,
16  and deception caused him to lose business and caused him to
17  incur attorney fees.

18      Now, you're saying that that is the thrust right there,
19  Paragraph 40 is the thrust of the counterclaim:  Lost business
20  and attorney fees caused by her fraud, deceit, and deception.

21      Now, attorney fees, if I understand correctly, Mr.
22  Butterfield, attorney fees would be tied to rescission of the
23  sale?

24      MR. BUTTERFIELD:  That's correct, Your Honor.

25      THE COURT:  And I am going to grant Mr. Hennessy's

1  motion for summary judgment on the attorney fees.  I don't

2  think you will be able to dot those "I's" and connect all of

3  that, because if you have to have the sale rescinded because of

4  the actions that Mr. Milam took before this matter was brought

5  before the Court, he unilaterally rescinded the sale.  So I

6  don't think we have the right to go back and put Humpty-Dumpty

7  back up on the wall and put him back together; I just don't

8  think that's possible.

9      So if I understand the law that both of you have cited,

10  that's the only provision that we have for attorney fees.  And

11  that motion, or that portion of the motion is granted.

12      Now, he, Mr. Milam, has also alleged that these alleged

13  acts of Ms. Anderson caused him to lose business.

14          MR. HENNESSY:  Well and -- are you looking at me?

15          THE COURT:  No, I'm looking at Mr. Butterfield.

16          MR. BUTTERFIELD:  All right.  Let me go back to the

17  premise of the claim.  This is a motion for more definite

18  statement.  It's not properly raised by summary judgment, so

19  there's a procedural issue here.

20          THE COURT:  I think the attorney fee provision was.

21          MR. BUTTERFIELD:  Well, okay.  That existed under two

22  different channels, right.

23          THE COURT:  We're on the second channel now.

24          MR. BUTTERFIELD:  All right.  My point is:  The

25  remedy for failure to state a claim upon which relief can be

1   granted, which is under Rule 12, is:  Okay, Mr. Butterfield, go
2   back and amend.  And I can go back and amend --

3                  THE COURT:  I think you can because the bar date
4   issue is not relevant.  I mean, you have alleged her fraud and
5   you have alleged that damage, too.

6                  MR. BUTTERFIELD:  Right.

7                  THE COURT:  And you're saying that that fraudulent
8   act, whatever claim I give you, would be excepted from
9   discharge.

10                 MR. BUTTERFIELD:  Right.

11                 THE COURT:  And I do understand that.  And that's
12  what 523 is about.  If this transaction through her fraud, Mr.
13  Milam is in fact injured and the injury is one that under law
14  is compensable, then you're saying that should be excepted from
15  discharge.

16        The only thing I'm telling you now is:  Not the attorney
17  fees.

18                 MR. BUTTERFIELD:  Well, I understand the rationale
19  for that.  It was a self-rescission situation, but it was a
20  self-rescission situation caused --

21                 THE COURT:  I understand.  I do.

22                 MR. BUTTERFIELD:  I understand.  So I could go back
23  and amend 40 to say:  Yeah, that the man is 70 years old.  He's
24  had open heart surgery.  He's had lots of sleepless nights
25  about all this.  He's had anxiety.  He has had to hire an

1  attorney.  He's lost transactions.  His reputation has been
2  damaged.  I can go back and amend all that if --
3          THE COURT:  And that's what we need to talk about.
4          MR. BUTTERFIELD:  And I would be happy to do that.  I
5  mean, we've got a little bit of time --
6          THE COURT:  I am not sure that we can.
7          MR. BUTTERFIELD:  -- before the trial.  But yeah.
8      And I guess another point I need to make here is that
9  federal pleading is notice pleading; it's not the fact pleading
10 that we have down the street in the state court.  So, and
11 that's why I didn't really go into a long exposition there.
12 But I can go back and beef that up, and I can go back and beef
13 39 up in saying, well, the date of the fraud was when she
14 acquired the vehicle, which is one of the things that they
15 complained about.  And the other thing that they complained
16 about can easily be resolved by a simple amendment.  So I'm --
17 you know.  So anyway, no matter what the Court rules on this
18 aspect, if I need to go back, I can amend that to cure their
19 specific objections in their brief.
20         THE COURT:  It sounds like to me, from what we're
21 looking at, the relief that would be available to Mr. Milam
22 under the Code, if he's entitled to relief, would be the first
23 thing is that you'd have to say his damages, whatever they may
24 be, whatever injury he suffered, cannot be discharged.  And you
25 did plead 523.  I think you did put the opposing side on

1   notice.  The only problem with 523 is 523 is specific.  You've

2   got to give notice to Ms. Anderson of which provision of 523

3   are you asking for the debt to be excepted as to or on.

4       The only ones that I see that might be relevant or might

5   be applicable would be 523(a)(2) or 523(a)(4) -- I beg your

6   pardon, (aa)(6).

7       (4) is for money, property, services, or an extension,

8   renewal, or refinancing of credit, to the extent obtained by.

9   And then it's got subsections under that.

10      But Mr. Milam has rescinded the transaction.  So I don't

11  know if (2) is available to you any longer.  But (6) is really

12  what you're asking for relief under:  "Willful and malicious

13  injury."

14      Now, have you given adequate notice before the bar date,

15  because there is a bar date under 523?  And it's sixty days

16  after the creditors meeting, unless it's extended.

17      And let's see.  That's 4000... give you the rule.  4007.

18      Now, the 341 creditors meeting has been conducted; the

19  sixty days is gone.  So the question is, is do you have

20  sufficient pleadings to stand up to either 523(a)(2) or

21  523(a)(6), because if you don't, then this is -- and I think

22  both of you have touched on this -- this is a tort claim.  And

23  if it is a tort claim and Mr. Milam does have notice, there is

24  an ability to discharge tort claims if you're not excepted.

25      So my question is, is that:  Do you think you have given

1  adequate notice in these three paragraphs to counsel for

2  Ms. Anderson of your desire to have the damages that Mr. Milam

3  suffered excepted from discharge under 523 and what subsection?

4  MR. BUTTERFIELD: Well, obviously I haven't pled this

5  subsection, but I have said false fraud -- false pretenses,

6  fraud, and deception by failing to disclose that she was going

7  to declare bankruptcy immediately after acquiring the vehicle.

8  All right.

9  And what the complaint is, well, they didn't allege the

10  date of the fraud. Well, the fraud is immediately after

11  acquiring the vehicle.

12  THE COURT: I think the complaint itself that you

13  respond to gives all that information.

14  MR. BUTTERFIELD: Exactly. And then the other

15  complaint was: Where did the fraud occur? Well, the fraud

16  occurred at the lot. And if you look at their adversary

17  complaint and my response and this paragraph, it becomes very

18  clear where the fraud occurred.

19  All right. So then the next question is damages: Lose

20  business and caused him to incur attorneys fees. Now that is

21  not the best wording I could have used; and I probably should

22  have beefed that up. But my point is: The first time that

23  they are bringing up an issue about the sufficiency of the

24  allegations is now. And had they brought it up long ago, I

25  would have said okay, if they had complained about the

1   allegations, we are on notice of what the real claim is here,

2   Judge; we want a motion for more definitive statement.  I could

3   have beefed this up and would have beefed it up to include all

4   the stuff that we're here talking about, and which is

5   self-evident by the hearing that we held here and Mr. Milam's

6   testimony.

7       So again, I'm just saying they're on notice that there was

8   a fraud and they're on notice that there was some damage.  And

9   the damage allegations could be beefed up to include anxiety,

10  mental anguish, and all the other things that we're here

11  discussing this morning.  If that's what they want, I can do

12  that.

13      THE COURT:  All right.  Bear with me just a moment.

14      The creditors meeting was originally scheduled for

15  April 13, 2009, and it was held on April 13, 2009.

16      Now, 4007 says that she -- or that complaints against her

17  to except from discharge specific debts, whether they be

18  contractual or tortious, those complaints are to be filed

19  within sixty days of April 13th.

20      Now, this counterclaim was filed on June 19th, I believe.

21  Let me make sure.

22      The answer to complaint counterclaim June 19th.

23      Now, you have filed, Mr. Butterfield, pleadings.  We have

24  an adversary and we have a motion matter.  And you have filed

25  responses to pleadings and pleadings of your own in the

1   case-in-chief where you go into all sorts of detail.  And

2   Ms. Anderson has likewise filed her own pleadings and responded

3   to your pleadings in the case-in-chief where she goes into all

4   sorts of detail.

5       The problem I'm having is, is that where we are, we're in

6   a bankruptcy court, and you have claims that you want to assert

7   against Ms. Anderson and Ms. Anderson's estate.  But you are

8   really more interested in asserting claims against Ms. Anderson

9   herself and that you want this Court to determine the amount of

10  those claims and the fact that those claims are not

11  dischargeable.  Correct?

12          MR. BUTTERFIELD:  Yes.  Yes, Your Honor.

13          THE COURT:  Now, Ms. Anderson --

14          MR. BUTTERFIELD:  It's actually a setoff more is what

15  we're looking at, because we already know what the ruling was

16  on the automatic stay.

17          THE COURT:  Okay.  Now, I apologize if I seem like

18  I'm trying to lecture to you; I'm not.  I'm trying to make sure

19  everybody understands --

20          MR. BUTTERFIELD:  I understand.

21          THE COURT:  -- what we're having to do.

22      If you look at 4007 again -- and let's make sure we've got

23  a current -- yeah.  Look at Bankruptcy Rule 4007.

24      Time for filing complaint under 523(a)(6) in a chapter 13

25  individual debt adjustment case; notice of time fixed.  On

1  motion by a debtor for a discharge under 1328(b) -- well, this
2  is not a 1328(b), so forget that.  This is a 1328(a).

3      So go to 4007(c).  Time for filing complaint under 523(c)
4  in a chapter 7 liquidation, chapter 11 reorganization, chapter
5  12 family farmer debt adjustment case, or a chapter 13
6  individual debt adjustment case; notice of time fixed.  Except
7  as otherwise provided in subsection (d), a complaint to
8  determine the dischargeability of a debt under 523(c).

9      Now, 523(c) makes -- brings in 523(a)(6).  523(c) reads as
10  follows:

11      "Except as provided in subsection (a)(3)(B) of
12      this section, the debtor shall be discharged from a
13      debt of a kind specified in paragraph (2), (4), or
14      (6) of subsection (a) of this section, unless, on
15      request of the creditor to whom such debt is owed,
16      and after notice and a hearing, the court determines
17      such debt to be excepted from discharge under
18      paragraph (2), (4), or (6), as the case may be, of
19      subsection (a) of this section."

20      All right.  So 523(a) and 523(c) are important because if
21  you go to 4007, Bankruptcy Rule 4007(c), you determine how you
22  the creditor are to protect your client's rights by making sure
23  if you believe that the debt can be excepted from discharge
24  under 523(a), (2), (4), or (6), what you do.  And it says:
25      "Except as otherwise provided in subsection (d), a

1    complaint to determine dischargeability of a debt

2    under 523(c) shall be filed no later than 60 days

3    after the first date of the meeting of creditors

4    under section 341(a).  The Court shall give all

5    creditors no less than 30 days' notice of the time so

6    fixed in the manner provided in Rule 2002."

7    That's the 341 notice that we did send out.  And I believe

8    Mr. Milam got it.

9    ... "On motion of a party in interest, after

10   hearing on notice, the court may for cause extend the

11   time fixed under this subdivision.  The motion shall

12   be filed before the time has expired."

13   All right.  So 60 days from June -- from April 13th.

14   April has got 30 days, so that would make April, May 13th, and

15   then that would be June 12th.  And your complaint, your

16   counterclaim was filed on June 12th, so your counterclaim is

17   timely filed.  And I think we talked about that at one point in

18   time.

19   MR. BUTTERFIELD:  At the status conference.  See, I

20   was going to say --

21   THE COURT:  We talked about that at one point in

22   time.

23   MR. BUTTERFIELD:  -- we talked about that.

24   THE COURT:  Now, let's connect the dots.  The next

25   issue is:  Did you give notice of a 523(a)(2), (4), or (6)

1   complaint?  Are the allegations contained in Paragraph 39 or 40
2   sufficient?  And that's the question.  That's the remaining
3   question.

4       And, Mr. Butterfield, you're saying you believe they are.
5   The only problem is, is that the debt itself, the underlying
6   obligation is gone.  Mr. Milam took care of that.  And you're
7   not at fault in any way, shape, or form on that.

8           MR. BUTTERFIELD:  Right.

9           THE COURT:  So what does Mr. Milam have?  Well, Mr.
10  Milam has a tort claim.  And it's a tort claim under 523(a)(6),
11  it's got to be willful and malicious.

12      Now, do you have to use those words:  Willful and
13  malicious?  Do you have to use those words or have you given
14  sufficient notice that they are deemed to be there?

15          MR. BUTTERFIELD:  Or if I haven't and the other side
16  is complaining about the sufficiency of the allegations, should
17  I be given an opportunity to amend?

18          THE COURT:  That's really the question, because there
19  is case law out there that says on certain type of complaints,
20  exception to discharge and/or discharge complaints themselves,
21  727 or 523 complaints, because there are so many different
22  subsections on this debt if it arises in this fashion is
23  excepted.  If you do this thing, you don't get a discharge.
24  You've got to be specific.  Now, how specific do you have to
25  be?  That's not been addressed.

1    You didn't go into that issue, Mr. Hennessy; you went into

2 whether or not fraud was sufficiently pled. I'm of the opinion

3 that fraud was sufficiently pled.

4    I think the complaint itself that you filed and the

5 response that was filed indicates that Mr. Milam is saying:

6 She committed a fraud and deception against me and I was

7 damaged. If that is the case, because Mr. Milam took the

8 action he did and the underlying obligation is gone, all we've

9 got left is a tort claim. And if it's a tort claim, it's under

10 523(a)(6). And do you have to state specifically: I was

11 injured through the willful and malicious conduct of this

12 debtor? That's what I need an answer to.

13    So I am going to grant your motion for summary judgment on

14 the attorney fees, Mr. Hennessy. And I am going to ask that

15 you amend your motion for summary judgment on the 523(a)(6)

16 issue and that Mr. Butterfield be given an opportunity to

17 respond to that.

18    MR. HENNESSY: Let me ask -- that really wasn't --

19 and I understand everything the Court said today. But the meat

20 of our argument is that he has no damages. And the motion for

21 summary judgment goes to say: Well, okay, let's assume that he

22 did plead it properly.

23    If he pled it properly, the next paragraph says: If you

24 pled it properly, then you had no damages. And the motion for

25 summary judgment law, which is applicable as I understand it in

1 Bankruptcy Court, says that once we make those allegations and
2 we say he was not damaged because, number 1, he sold the car,
3 has no attorneys fees; number 2, he had no loss of business,
4 and he had no emotional. The first thing we heard about
5 emotional was in the response to the motion for summary
6 judgment.

7 THE COURT: I understand. I understand.

8 MR. HENNESSY: He didn't have it. But you can't in a
9 motion for summary judgment, in federal court or any court that
10 I'm aware of, you can't just come back in and make allegations.
11 You have to come up with some proof. And there is no proof in
12 this record of any damage suffered by Mr. Milam, whether it was
13 business damage or emotional damages. It's not there.

14 THE COURT: I don't think he has to, at this point in
15 time, be specific as to his, quote, business damage. I think
16 you can file a motion for more definite statement or you can
17 take his deposition and you can go into that. But he pled two
18 things in Paragraph 40. He pled that he suffered attorney fees
19 and loss of business. Now, you have a right to ask more
20 specific. You can file a motion for more a definite statement
21 or you can submit interrogatories or you can take his
22 deposition.

23 MR. HENNESSY: Your Honor, what I'm saying is it's a
24 motion for summary judgment; it's not just a motion for a more
25 definite statement. We didn't file a motion for a more

1    definite statement.  There wasn't -- we're out of time on that.
2    That's barred as I understand it.  We couldn't file that if we
3    wanted to.

4        We filed a motion for summary judgment, and we said that
5    he had no damages and therefore we were entitled to a motion
6    for summary judgment because a tort claim requires, you know,
7    there be liability and damages -- cause of action, liability,
8    and damages.  Cause of action requires damages.  There are no
9    damages, and therefore he cannot, according to the -- I mean,
10   this is the law of the Supreme Court.  Says that if you -- once
11   you establish that there are no factual issues, we're saying
12   there is no damages, he's never proven any damages, he's never
13   shown any damages, then he's got to come -- the non-moving
14   party must then go beyond the pleadings and by affidavit or
15   other competent summary judgment evidence cite specific facts
16   that show there is no issue for trial.  It's got to be
17   admissible evidence, summary judgment, competent summary
18   judgment evidence.  He just came back in and argued.  That
19   won't work on a motion for summary judgment.  You have to come
20   up with an affidavit or something.  Now, perhaps he could have
21   come up with an affidavit and said, I'm emotionally damaged.  I
22   don't think that would be sufficient under Louisiana law, at
23   least.  Those kinds of emotional damages wouldn't be enough.
24   But that would be a different argument.

25        What I'm saying is:  There is no evidence in opposition to

1  my motion for summary judgment.  I said there are no damages
2  and there is no evidence of damages.  There are allegations,
3  but that's not competent evidence in opposition to a motion for
4  summary judgment.  And I know Mr. Butterfield has argued this a
5  thousand times as an insurance defense lawyer.  But that's our
6  argument.  The crux of our argument is that there are no
7  damages.

8        THE COURT:  You submitted in support of your motion
9  for summary judgment -- I'm going to listen to you; I promise.
10 You submitted, in support of your motion for summary judgment,
11 transcript exhibits or excerpts from the transcript.

12        MR. HENNESSY:  I just submitted the whole thing.
13        THE COURT:  Say again.

14        MR. HENNESSY:  The whole thing, the whole transcript.
15        THE COURT:  Right.  And it's lengthy.  So that's the
16 reason why it's a number of exhibits, because we can't put it
17 all in one exhibit.

18        MR. HENNESSY:  Okay.

19        THE COURT:  You submitted in support of your motion
20 for summary judgment the entire transcript from the hearing we
21 had on the stay matter and you submitted also a supporting
22 memorandum.

23        MR. HENNESSY:  Correct, Your Honor.  And my position
24 is that --

25        THE COURT:  You did not submit a motion, a statement

1    of material facts; you submitted the transcript.

2            MR. HENNESSY:  Right.  Right.

3            THE COURT:  So you're saying that if you look at the

4    transcript, there's nothing in that transcript where Mr. Milam

5    said anything about his damages.

6            MR. HENNESSY:  I don't think so.  I don't know of any

7    evidence in there about business losses.  And I don't know of

8    any evidence -- of course the business about the emotional

9    stuff didn't come up until the answer.  But I don't know

10   anything about emotional stuff in there either.

11           THE COURT:  Is there anything in the transcript where

12   Mr. Milam says anything like what you're suggesting?  Did you

13   have any business losses?  No.

14           MR. HENNESSY:  I don't think he --

15           THE COURT:  Did he say anything like that?

16           MR. HENNESSY:  I don't think so.  And I think that

17   once we say he didn't have any damages, then they have to come

18   forth with evidence that shows that he did --

19           THE COURT:  Well, your motion for summary judgment,

20   there has to be no genuine issue of material fact, or by law,

21   you're entitled to relief.  There is an issue, there is a

22   genuine issue of material fact.  Mr. Milam has alleged that he

23   suffered attorney fees.  You prevail on that one.

24       He's alleged he suffered a loss of business.  You don't

25   have anything in the transcript that says there is a

1  genuine issue of material fact -- or I beg your pardon -- there

2  is no genuine issue of material fact on his loss of business.

3          MR. HENNESSY:  We said it in our motion.  We said

4  that he has no -- well, we didn't say loss of business; we said

5  he had no damages, period.

6          THE COURT:  I'm sorry.  We're not on the same plain.

7          MR. HENNESSY:  I think we are not on the same track,

8  because I'm thinking about what happens in a motion for summary

9  judgment.  Once I say "you do not have any evidence to support

10 your cause of action," then it's my understanding on a motion

11 for summary judgment, based upon the Supreme Court case that I

12 cited, which is actually a Fifth Circuit case citing a Supreme

13 Court case, that, it's my understanding, once I say that, you

14 cannot rely on your allegations to create a material issue of

15 fact.  You must come forth with evidence that says

16 Mr. Hennessy -- or Ms. Anderson, I should say -- "Ms. Anderson,

17 you're wrong; I do have damages, and here they are.  Here is

18 proof of our damages.  And if we go to trial, I'm going to show

19 you this is our proof."

20     You cannot simply say, "oh, you're wrong; I have damages."

21          THE COURT:  All right.  And your response?

22          MR. BUTTERFIELD:  My response is:  The criteria is

23 whether there's a genuine issue of material fact as to Mr.

24 Milam's damages, whether they be tort type damages, general

25 damages, mental anguish, and so forth, or business type

1  damages.  We rely on the transcript of the hearing that we've
2  all been through to create those genuine issues of material
3  fact.

4      Point number 1:  Ms. Anderson was sent to the car lot to
5  negotiate this deal.  And when she got there, the first thing
6  she did was say:  Sit down, Mr. Milam.

7          THE COURT:  I remember that.

8          MR. BUTTERFIELD:  All right.  So -- and she knew --
9  and she admitted she did that because she knew he was going to
10  get upset.  So if you get upset, you have mental anguish by
11  definition.  So there is a genuine issue of material fact over
12  the tort -- the general type damages.

13     All right.  Then if you read the transcript closely, there
14  was a discussion about she wouldn't get out of the office
15  because she was on the phone --

16         THE COURT:  I didn't have to read the transcript; I
17  tried the matter.

18         MR. BUTTERFIELD:  All right.  So you see that there
19  was a hubbub there at the car lot and that relates to the loss
20  of business claim.  And then it continues forward when the
21  faxes came in.  We talked about all the faxes that came in, all
22  the -- he's got to stock, he's got to address, he's got to do
23  this, he's got to go do that.  It takes away his time from what
24  he does for a living, which is sell cars.  And so those issues
25  are in this record and demonstrate remarkably that there is a

genuine issue of material fact concerning damages.

MR. HENNESSY:  That doesn't prove any damages.
And -- you know, I'm going to court this afternoon to try a
case.  And if I go in there and say, "you know what, his
feelings were hurt and he might have suffered..." -- you can't
get damages in a court of law on that kind of evidence.  You
have to have some evidence.

THE COURT:  You filed your motion for summary
judgment, you attached -- the statement of material facts that
you attached is the transcript?

MR. HENNESSY:  Right.

THE COURT:  And that's it.  I mean, when you file a
motion for summary judgment, you say there is no genuine issue
of material fact and the law entitles me to relief prayed for.

Now, you're arguing the law.  You're not arguing the
statement of material facts.

MR. HENNESSY:  Because there are no facts in
opposition to the motion for summary judgment.  That's my
point.  The mere fact that there may have been some damages
suffered does not prove that there were any damages suffered.
And the law is very clear, I think, that you have to come in
with evidence if you're going to create a material issue of
fact.

THE COURT:  You're saying that the allegation -- and
I'm sorry, gentlemen.  I want to make sure that I don't mess

1 this one up.

2     I shouldn't have said it that way.  That would imply that
3 I don't care about others.

4     You both have put more time on this than it warrants.  And
5 we all know that.

6     Here's the complaint:

7     "Kizzie Anderson acquired the vehicle in question
8     by false pretense, fraud, deception, by failing to
9     disclose that she was going to declare bankruptcy
10     immediately after acquiring the vehicle in order to
11     change the terms.  Mr. Milam shows that Kizzie
12     Anderson's fraud, deceit, and deception caused him to
13     lose business and caused him to incur attorney fees."
14     Now, I've already ruled in your favor on attorney fees.
15     ... caused him to lose business.
16     All right.  Now, did you --

17     MR. HENNESSY:  That's an allegation.

18     THE COURT:  I know.  And you denied that allegation
19 in an answer.

20     MR. HENNESSY:  Sure.

21     THE COURT:  So what you're saying is, is that that
22 simple fact -- "caused him to lose business"-- is unsupported,
23 it's unsupported in the transcript, and it's not supported by
24 amended pleadings.  And we are now at the eve of trial of this
25 matter and there is no genuine issue of material fact on that

1    because there is nothing anywhere to show a loss of business?

2        MR. HENNESSY: No competent evidence to show loss of

3    business. The allegations are not sufficient. You have to

4    have an affidavit or something that comes, you know --

5        THE COURT: Some response.

6        MR. HENNESSY: Well, a tax return that says, well, I

7    made this much. You know, something that you could argue from

8    that, that there's a loss business.

9        THE COURT: If you filed your motion, which you did,

10    Mr. Butterfield could have responded with an affidavit from Mr.

11    Milam that said, "That's not true; I've lost significant

12    business; I did this, I did that, I did this," presenting a

13    genuine issue of material fact.

14       And you're saying: It's not there. The only thing we

15    have on Mr. Milam's part is "caused him to lose business."

16    Five words.

17        MR. HENNESSY: And if he came in and said in his

18    affidavit, we'd argue probably about that, because, you know,

19    what business did you lose? And maybe we'd have to take a

20    deposition or something.

21        THE COURT: Five words. That's all there is.

22       Now, you're saying, Mr. Butterfield, but look at the

23    transcript; the transcript tells you what happened.

24       It does.

25        MR. HENNESSY: It does, but it --

1       THE COURT: It does. It tells me what happened. But
2   what happened caused this injury. What's the injury? I know
3   what happened.

4       Now, it is possible that Mr. Milam's got elevated blood
5   pressure. It is possible this caused a ripple effect and that
6   he had all sorts of health-related problems that caused him not
7   to be able to go to work for an extended period of time and
8   lost business.

9       MR. HENNESSY: But there's no evidence --
10      THE COURT: No evidence.
11      MR. HENNESSY: In the motion for summary judgment,
12  once you say --
13      THE COURT: Okay. All right. I understand. And
14  you're --
15      MR. BUTTERFIELD: There are -- I don't have to prove
16  my case at this stage of the proceeding. I don't have to show
17  every item of damage and every bit of proof that I have on it.
18  All I have to do is show that there is a genuine issue of
19  material fact concerning that --
20      THE COURT: I think the Fifth Circuit jurisprudence
21  is that you have to show there is a genuine issue of material
22  fact.
23      MR. BUTTERFIELD: And I believe the transcript
24  demonstrates that, in spades, because you've heard the story of
25  what happened and --

1          THE COURT:  The transcript is what it is.

2          MR. BUTTERFIELD:  It is what it is.

3          THE COURT:  And it does not show, in response to a

4    motion for summary judgment, it does not show any business loss

5    of Mr. Milam.

6          MR. BUTTERFIELD:  Well, I beg to differ because of

7    the hubbub it created.  The police officer came.  The --

8          THE COURT:  Actually, I don't know how to tell you

9    this without risk of offending you.  And it's not my intention

10   to offend you.  Some people get off on that.

11         MR. BUTTERFIELD:  Well, I understand that.  It's

12   exciting.

13         THE COURT:  Well, no.  I mean, some people think

14   that's just wonderful.  I mean there are television shows,

15   realty shows now.  You can turn on the television; you see this

16   all the time.  People watch this; they're just:  Wow, that's

17   great.

18      Well, you know, I don't know if Mr. Milam -- some people

19   are confrontational.  I have a father-in-law that's

20   confrontational.  His day is not complete unless he has been

21   engaged in a severe argument with at least two people.  I mean,

22   I'm serious.  It's not complete.  Some people are

23   confrontational.

24      Mr. Milam may have thought this was the best thing that

25   had happened for six weeks.  It had been dull around there;

1    this was wonderful.

2         MR. HENNESSY:  Well, I think that the evidence --
3    that the transcript shows that there could have been damages.
4    And as you point out, there may not have been damages.  But
5    there is no evidence in the record of any damages --

6         THE COURT:  You have convinced me on the second fact
7    also.  And I was confused about it, but what you're saying is,
8    is that he has to make a genuine issue of material fact.  I
9    brought forth the transcript -- Mr. Hennessy.  And the
10   transcript doesn't have anything in it about business losses.
11   What happened that day, and it was very disruptive, but did it
12   cause a loss of business?  Was anyone else on the lot?  Did we
13   lose a sale because of that?  It's not in the transcript.  Did
14   you have to go to the hospital afterwards?  Was your blood
15   pressure elevated?  Did you have any problems?  No.

16        I know he paid attorney fees.  I do know that.  And I
17   can't give him attorney fees.  So what can I give him?  I give
18   him loss of business.

19        MR. BUTTERFIELD:  And let me just also reference
20   Everett Fowler's testimony where Everett testified that he had
21   to go -- he was going and dealing with a customer and had to
22   come back and deal with this issue.

23        THE COURT:  It's not sufficient.

24        MR. BUTTERFIELD:  Well, I just -- I object to the
25   Court's --

1           THE COURT:  I know you do.  And I note your

2 objection.

3           MR. BUTTERFIELD:  And so where does that leave us?  I

4 mean, I can go back and amend to beef up the allegations of

5 damages, which I think I'm entitled to do, to allege the

6 general damages in tort which I think are evident from this

7 record, being, given what happened.  Or are you granting the

8 motion in --

9           THE COURT:  I granted the motion on the attorney

10 fees.  I was listening to argument that you gentlemen wanted to

11 make either for or against dismissing the complaint all

12 together, the counterclaim all together.  And Mr. Hennessy has

13 convinced me that there is no genuine issue of material fact on

14 the other allegation of loss of business.  And I don't think

15 you have the ability to amend now under 4007.  So I'm

16 dismissing the counterclaim for reasons stated.

17           MR. HENNESSY:  I will submit an order.  Thank you,

18 Your Honor.

19           THE COURT:  Thank you, gentlemen.

20           MR. BUTTERFIELD:  Thank you, Your Honor.

21           THE COURT:  David.

22                    (End of proceeding 10:30 a.m.)

23

24

25

1    CERTIFICATE

2        I, Richard A. Simpson, certify that the foregoing pages

3    numbered 1 through 28 do constitute a true and correct

4    transcription from the official electronic sound recording of

5    the proceedings in the above-entitled matter, to the best of my

6    ability and understanding.

7        I certify that the transcript fees and format comply with

8    those prescribed the Court and the Judicial Conference of the

9    United States.

10       Subscribed and sworn to this 28th day of June, 2010.

11

12

13   _____     s/Richard A. Simpson

14                               Richard A. Simpson
                                 Transcriber
15                               1120 Hallmark Dr.
                                 Shreveport, Louisiana   71118
16                               (318) 688-1860

17

18

19

20

21

22

23

24

25